**Abatement Order filed, July 2, 2015.**



In The

# Fourteenth Court of Appeals

—————————

## NO. 14-14-00528-CV

—————————

**HO & HUANG PROPERTIES, L.P. AND SW PARKWAY MANAGEMENT, INC., Appellants**

**V.**

**PARKWAY DENTAL ASSOCIATES P.A., Appellee**

---

**On Appeal from the 80th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2007-69193**

---

## ABATEMENT ORDER

The reporter's record in this case was originally due August 1, 2014. *See* Tex. R. App. P. 35.1. On August 14, 2014, we ordered the court reporter, Michelle Tucker, to file the record within 30 days. No record was filed.

On October 8, 2014, we again ordered Michelle Tucker to file the record. No record was filed. On November 25, 2014, we abated the appeal and directed the trial court to determine the reason for failure to file the record.

On January 13, 2015, Michelle Tucker filed a request for extension of time to file the record and stated that she could file the record by February 27, 2015. According to Michelle Tucker, the extension was unopposed by the parties. We reinstated the case and set the reporter's record due February 27, 2015, noting that no further extensions would be entertained absent exceptional circumstances. No record was filed.

When the court reporter failed to file the record, on June 11, 2014, this court ordered the court reporter to file the record on or before June 26, 2015, and instructed the court reporter that if the record was not filed, the court would order the trial court to conduct a hearing to determine the reason for failure to file the record. The record has not been filed with the court. The trial and appellate courts are jointly responsible for ensuring that the appellate record is timely filed. *See* Tex. R. App. P. 35.3(c). Because the reporter's record has not been filed timely as ordered, we issue the following order.

We direct the judge of the 80th District Court to conduct a hearing at which the court reporter, appellant's counsel, and appellee's counsel shall participate (a) to determine the reason for failure to file the record; (b) to establish a date certain when the reporter's record will be filed, and (c) to make findings as to whether the court reporter should be held in contempt of court for failing to file the reporter's record timely as ordered. We order the court to prepare a record, in the form of a reporter's record, of the hearing. The judge shall make findings of fact and conclusions of law, and shall order the trial clerk to forward to this court a supplemental clerk's record containing the findings and conclusions. The hearing

record and supplemental clerk's record shall be filed with the clerk of this court within 30 days of the date of this order.

The appeal is abated, treated as a closed case, and removed from this court's active docket. The appeal will be reinstated on this court's active docket when the trial court's findings and recommendations are filed in this court. The court will also consider an appropriate motion to reinstate the appeal filed by either party, or the court may reinstate the appeal on its own motion. If the court reporter files the record prior to the date set for the hearing, the appeal will be reinstated and the trial court need not hold a hearing.

PER CURIAM

Panel consists of Justices Christopher, Brown and Wise.